IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DENNIS LINTHICUM; ANTHONY INTISO, | Civ. No. 1:23-cv-00834-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| THE FEDERAL ENERGY REGULATORY COMMISSION; THE STATE OF OREGON; THE STATE OF CALIFORNIA; DOES 1-100, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Motion for Temporary Restraining Order, ECF No. 17, filed by *pro se* Plaintiffs Dennis Linthicum and Anthony Intiso. Defendants State of Oregon and State of California have appeared in the case but have not yet had the opportunity to respond to Plaintiffs' motion. Defendant Federal Energy Regulatory Commission has not yet appeared.

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an

"extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In their Complaint, ECF No. 1, Plaintiffs allege that the planned demolition of a series of dams on the Klamath River violate the Wild and Scenic Rivers Act, 16 U.S.C. § 1271 *et seq*. Plaintiffs seek to enjoin Defendants from (1) "Any and all activities related, directly or indirectly, to the removal of the four hydroelectric dams which are the subject of this suit,"; (2) "Any and all authorizations of funding related, directly or indirectly, to the removal of the four hydroelectric dams which are the

subject of this suit,"; and (3) "Any and all expenditures of monies related, directly or indirectly, to the removal of the four hydroelectric dams which are the subject of this suit." Pl. Mot. 2.

The Court has reviewed the filings in this case, including the exhibits attached to the Complaint, and concludes that Plaintiffs have not carried their burden and have failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO. Plaintiffs' Motion, ECF No. 17, is therefore DENIED.

This ruling is without prejudice to Plaintiffs' request for a preliminary injunction. Defendants shall have ten (10) days from the date of this Order in which to file briefs responding to Plaintiffs' motion. Plaintiffs shall have seven (7) days from the date the response briefs are filed in which to file a reply brief in support of their motion. The Court will hold a hearing on the motion for preliminary injunction on Friday, July 21 at 9:00 a.m. by telephone.

It is so ORDERED and DATED this 28th day of June 2023.

                                                s/ Ann Aiken
                                                ANN AIKEN
                                                United States District Judge