IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DENNIS LINTHICUM; ANTHONY INTISO, | Civ. No. 1:23-cv-00834-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| THE FEDERAL ENERGY REGULATORY COMMISSION; THE STATE OF OREGON; THE STATE OF CALIFORNIA; DOES 1-100, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Motion for Preliminary Injunction Order, ECF No. 17, filed by *pro se* Plaintiffs Dennis Linthicum and Anthony Intiso, and on Motions to Dismiss filed by Defendant State of California, ECF No. 35, and by Defendant State of Oregon, ECF No. 36. On June 28, 2023, the Court denied Plaintiffs' request for a temporary restraining order ("TRO"). ECF No. 24. The Court initially set the hearing for the preliminary injunction for July 21, 2023, but moved the hearing to August 11, 2023, following Plaintiffs' request for additional time. ECF Nos. 32, 33. The Court heard oral argument on the Motion for Preliminary Injunction on August 11, 2023. ECF No. 47. For the reasons set forth below, the Motion for

Preliminary Injunction is DENIED. The Motions to Dismiss are both GRANTED. Because this Court lacks subject matter jurisdiction over Plaintiffs' claim, this case is DISMISSED without prejudice, but without leave to amend.

## LEGAL STANDARDS

### I. Preliminary Injunction

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## II.   Motion to Dismiss under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject matter jurisdiction, meaning that it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Aire for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A

jurisdiction challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (internal quotation marks and citations omitted).

### III. Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal

conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## JUDICIAL NOTICE

The State of California has requested that the Court take judicial notice of a number of exhibits. ECF No. 28-1. "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6) '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must take as true all factual allegations in the complaint and construe those allegations in the light most favorable to the plaintiff. *Id.* "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Id.* For that reason, courts generally may not consider matter outside of the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

A court may, however, consider documents outside of, and not attached to, a complaint when the document is either (1) one which a court may take judicial notice under Federal Rule of Evidence 201 or (2) is "incorporated into the complaint by reference." *Louisiana Mun. Police Emps.' Retirement Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Rule 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute" because it either "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be incorporated by reference when "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Here, the State of California requests that the Court take judicial notice of seven exhibits. Exhibits 1, 2, 3, 4, and 5 are public records documenting the official acts and administrative proceedings related to the Klamath River dam removal project challenged by Plaintiffs. Exhibits 1 and 2 are versions of the Klamath Hydroelectric Settlement Agreement; Exhibit 3 is the grant agreement between the California Natural Resources Agency ("CNRA") and the Klamath River Renewal Corporation ("KRRC") for funding California's commitment under the Klamath River dam removal project; Exhibit 4 is the Federal Energy Regulatory Commission ("FERC")'s order approving KRRC and PacifiCorp's application to surrender its license and remove the four hydroelectric dams; and Exhibit 5 is the final Environmental Impact Statement ("EIS") issued by FERC assessing the environmental effects of the dam removal project. All of those documents are public records and all are available on the public websites of the California State Water Resources Control Board, the KRRC, and FERC. The Court concludes that Exhibits 1, 2, 3, 4, and 5 are proper subjects for judicial notice and the State of California's request is granted.

Exhibits 6 and 7 are documents from the Superior Court of California, County of Siskiyou, related to Plaintiff Intiso's attempt to litigate a challenge to the dam

removal in California state court in *Intiso v. State of California*, Case No. 22-CV-00609. Exhibit 6 is an order from the Superior Court sustaining a demurrer by the defendants without leave to amend and entering a judgment in favor of the defendants. Exhibit 7 is a transcript from the same case of proceedings on May 18, 2023. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matter at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). The Court concludes that Exhibits 6 and 7 are proper subjects for judicial notice.

## BACKGROUND

The Klamath River flows from its headwaters in southern Oregon through northern California. Along the way, the river passes through a series four hydroelectric dams: J.C. Boyle, which is in Oregon, and Copco No. 1, Copco No. 2, and Iron Gate, all of which are in California. These dams are part of the Klamath Hydroelectric Project and come under the authority of the Federal Energy Regulatory Commission ("FERC"). FERC has exclusive power to grant licenses for their operation or approval for the surrender of the licenses and the decommissioning and removal of the dams.

Previously, the licenses for the dams were held by PacifiCorp, which operated the dams. PacifiCorp entered into negotiations with state and federal agencies, Tribes, environmental advocacy groups, and other stakeholders to evaluate the removal of the dams. Eventually, the various stakeholders agreed that that the dam

removal and river restoration would be overseen by a newly formed entity called the Klamath River Restoration Corporation ("KRRC").

On June 17, 2021, FERC issued an order approving the transfer of the license for the dams from PacifiCorp to Oregon, California, and the KRRC as co-licensees. On November 17, 2022, FERS issued a second order approving a surrender of the licenses and the removal of the dams.

In issuing the surrender order, FERC considered the implications of the Wild and Scenic Rivers Act ("WSRA"), 16 U.S.C. § 1271 *et seq*, because a substantial portion of the Klamath River has been designated as a wild and scenic river under the Act. In particular, FERC considered Section 7(a) of the WSRA, which provides that FERC "shall not license the construction of any dam, water conduit, reservoir, powerhouse, transmission line, or other project works . . . on or directly affecting any river which is designated" as part of the wild and scenic river system. 16 U.S.C. § 1278(a). FERC concluded that Section 7 of the WSRA did not apply because the proposal was to remove existing dams and so FERC was not "licensing the construction of any project works." ECF No. 28-2, Ex. 4, at ¶ 55. In any event, a Section 7 analysis was undertaken by the U.S. Forest Service, the Park Service, and Bureau of Land Management in which those agencies determined "that dam removal and associated restoration activities would result in long-term benefits to the scenery, recreation, fish, and wildlife values of the designated river segments." *Id*. at ¶ 57. "The final determination found that dam removal and restoration activities would result in long-term benefits to the scenery, recreation, fish, and wildlife values of the

designated river segments, as compared to the present conditions." *Id*. The agencies found that the dam removal proposal was consistent with the WSRA. *Id*.

The surrender order comes with conditions that must be met by the KRRC as part of the removal and restoration work. The conditions include compliance mitigation measures and come from recommendations made in an Environmental Impact Statement ("EIS") issues on August 26, 2022.

## DISCUSSION

In their Complaint, ECF No. 1, Plaintiffs allege that the FERC order approving the planned demolition of the dams on the Klamath River violates Section 7(a) of the WSRA. In their injunction motion, Plaintiffs seek to enjoin Defendants from (1) "Any and all activities related, directly or indirectly, to the removal of the four hydroelectric dams which are the subject of this suit,"; (2) "Any and all authorizations of funding related, directly or indirectly, to the removal of the four hydroelectric dams which are the subject of this suit,"; and (3) "Any and all expenditures of monies related, directly or indirectly, to the removal of the four hydroelectric dams which are the subject of this suit." Pl. Mot. 2. In subsequent briefing, Plaintiffs clarified that they seek injunctive relief only as to the State Defendants. ECF No. 39.

In their Complaint, Plaintiffs seek a declaration that FERC's "approval and licensing of any project for removal of dams along the Klamath River is contrary to the expressed will of Congress as expressed in the Federal Wild and Scenic Rivers Act and therefore contrary to Law." Compl. ¶ 63. Plaintiff also seek an order reversing FERC's "decision to approve and license the dam removal project" or that

the Court "remand the question to FERC for further review." *Id.* at ¶ 64. As to Oregon and California, Plaintiffs seek an order directing the States to "restore any and all damages to existing infrastructure" and to refrain from "activities related to removal of any of the dams," and an injunction forbidding "any and all current or future financial activities related to the dam removal project." *Id.* at ¶¶ 65-67.

Defendants have each responded to the motion for preliminary injunction and raised the issue of subject matter jurisdiction. The State Defendants have also moved to dismiss the claims against them on the basis that, among other things, the Court lacks subject matter jurisdiction over the claims and that the State Defendants are protected by Eleventh Amendment immunity. Because the issue of subject matter jurisdiction is dispositive of both the preliminary injunction and the motions to dismiss, the Court will consider that issue first.

The substance of Plaintiffs' claims are that the FERC surrender order was erroneous and/or contrary to law and should be reversed. The Federal Power Act governs judicial review of FERC orders and provides:

> Any party to a proceeding under this chapter aggrieved by an order issued by Commission in such proceeding *may obtain a review of such order in the United States court of appeals for any circuit* wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part.

16 U.S.C. § 825l(b) (emphasis added).

The Supreme Court has clarified that the circuit courts have exclusive jurisdiction to hear challenges to FERC orders and that "all objections to the order, to the license it directs to be issued, and to the legal competence of the licensee to execute its terms, must be made in the Court of Appeals or not at all." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 337 (1958). Because Plaintiffs seek to challenge the lawfulness of a FERC order concerning the removal of dams on the Klamath River, the proper court to consider Plaintiffs claim is a court of appeals and district courts lack jurisdiction to consider Plaintiffs' claims.

Plaintiffs seek to evade the application of § 825l in two ways. First, they claim that § 825l applies only to "parties" to the FERC decision and Plaintiffs were not parties to the underlying order. This does not aid Plaintiffs' claims, however. Section 825l(b) "enumerates the specific, complete and exclusive mode for judicial review of the Commission's orders," and "a non-party to the Commission's proceedings may not challenge the Commission's final determination in any court." *California Trout v. FERC*, 572 F.3d 1003, 1013 (9th Cir. 2009) (internal quotation marks and citation omitted). Federal regulations permit interested persons to "intervene and thereby become parties in the Commission proceedings," but "[u]nder the rule, a person who fails to intervene may not become a party and later challenge the ultimate agency determinations." *Id*. at 1014. The fact that Plaintiffs were not, by their own admission, parties to the FERC proceedings, means that they cannot challenge the FERC decision in this or any other court.

Next Plaintiffs contend that this Court has jurisdiction to hear their claims under 16 U.S.C. § 825p, rather than under § 825l. Section 825p provides:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder. Any criminal proceeding shall be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by, or to enjoin any violation of this chapter or any rule, regulation, or order thereunder may be brought in any such district or in the district wherein the defendant is an inhabitant, and process in such cases may be served wherever the defendant may be found.

16 U.S.C. § 825p.

This statute does not confer jurisdiction, however, because the claims brought by Plaintiffs do not fall within its bounds. "While the courts of appeal have authority pursuant to 6 U.S.C. § 825l to review on appeal orders of the [FERC], the district courts are empowered pursuant to 16 U.S.C. § 825p to enforce violations of orders of the [FERC] or suits in equity to enforce any liability or duty created by an order of the [FERC]." *State of Cal. by and through Dept. of Water Res. v. Oroville-Wyandotte Irrigation Dist.*, 411 F. Supp. 361, 367 (E.D. Cal. 1975), *aff'd sub nom. State of Cal. v. Oroville-Wyandotte Irrigation Dist.*, 536 F.2d 304 (9th Cir. 1976). Here, Plaintiffs do not allege that the FERC surrender order has been violated, which would fall within the bounds of § 825p, but instead argue that the surrender order is itself unlawful, which is precisely the sort of challenge that must be litigated before a circuit court of appeals pursuant to § 825l.

In sum, the Court concludes that it lacks subject matter jurisdiction to consider Plaintiffs' challenge to the lawfulness of the FERC order concerning the surrender of licenses and the removal of the Klamath River dams.

With respect to the State of Oregon and the State of California, those Defendants argue both that Plaintiffs have failed to state a claim and that any claim against them would be barred by the Eleventh Amendment. Plaintiffs appear to concede that they have not stated any claims against those Defendants. *See* Pl. Resp. to Defendant Oregon's Mot., at 6 ("If Plaintiffs had alleged any specific claims against either Defendant, Oregon, or Defendant, California, invoking the Eleventh Amendment would be just and proper.  However, since the nature of the relief sought by Plaintiffs is purely injunctive, and since the Courts have long established that Eleventh Amendment protections do not apply to suits seeking only injunctive relief, these arguments do not apply."). ECF No. 38. Instead, "Plaintiffs re-assert that Defendants Oregon and California have been named as parties to this action, solely that they may be properly, legally and justly enjoined should the Court find in Plaintiff's favor with respect to the issue at Law." *Id.* at 7. The Court notes, however, that injunctive relief is a form of remedy, and not a cause of action. Accordingly, the Court concludes that Plaintiffs have failed to state a claim against the State of Oregon or the State of California.

In addition, any such claim would be barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Although the text of the Eleventh Amendment preserves a state's sovereign immunity only when it faces suits by citizens of a different state, the Supreme Court has "extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "The Eleventh Amendment bar to suit is not absolute" and "States may consent to suit in federal court and, in certain cases, Congress may abrogate the States' sovereign immunity." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (internal citations omitted). "The Eleventh Amendment is a limit on federal courts' jurisdiction." *Freeman v. Oakland Unif. Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

Here, Plaintiffs do not identify any consent to suit by the State Defendants, nor have they demonstrated that Congress has acted to abrogate the State Defendants' sovereign immunity in this instance. And, contrary to Plaintiffs' arguments concerning the availability of injunctive relief, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

Plaintiffs also raise the issue of *Ex Parte Young*, 209 U.S. 123 (1908), in which the Supreme Court established a limitation on the sovereign immunity of states "when a federal court commands a state official to do nothing more than refrain from violating federal law," then the official "is not the State for sovereign-immunity

purposes." *Vir. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254-55 (2011). The doctrine is necessary to "permit the federal courts to vindicate federal rights" and "is limited to that precise situation, and does not apply when the state is the real, substantial party in interest." *Id.* (internal quotation marks and citations omitted). Put simply, the doctrine of *Ex Parte Young* applies only to "actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). It does not apply to the states themselves and Plaintiffs have not pleaded any claim that might come withing the ambit of *Ex Parte Young*.

The Court concludes, therefore, that Plaintiffs have failed to state a claim against the State of Oregon and the State of California and that Plaintiffs' suit against the State Defendants is further barred by the Eleventh Amendment. As discussed above, the Court similarly concludes that it lacks subject matter jurisdiction over Plaintiffs' claims against FERC. In the absence of subject matter jurisdiction, Plaintiffs cannot demonstrate a likelihood of success on the merits or even serious questions going to the merits of their claims. Even assuming, *in arguendo*, that Plaintiffs could satisfy the remaining elements of the *Winter* test, the Court would still deny the preliminary injunction on that basis.

In addition, the lack of subject matter jurisdiction compels the dismissal of this action and so the State Defendants' motions to dismiss are granted. As noted, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims

against FERC and so must dismiss those claims as well, even in the absence of a formal motion by FERC. *See Pistor*, 791 F.3d at 1111 (noting that when a court lacks subject matter jurisdiction, the court must dismiss the complaint, even *sua sponte* if necessary).

The Court further concludes that Plaintiffs' claims cannot be salvaged by amendment or the allegation of additional facts. The Ninth Circuit has held that dismissals for lack of jurisdiction should be "without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Although it seems doubtful that Plaintiffs will be able to pursue these claims in any court, dismissal shall be without prejudice, but without leave to amend.

## CONCLUSION

Plaintiffs' Motion for a Preliminary Injunction, ECF No. 17, is DENIED. Defendant State of California's Motion to Dismiss, ECF No. 35, is GRANTED and all claims against the State of California are DISMISSED. Defendant State of Oregon's Motion to Dismiss, ECF No. 36, is GRANTED and all claims against the State of Oregon are DISMISSED. For the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over all claims against Defendant Federal Energy Regulatory Commission and those claims are DISMISSED. Dismissal is without prejudice but without leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___16th___ day of August 2023.

                                  /s/Ann Aiken
                                  ANN AIKEN
                                  United States District Judge